IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT LOUIS MEZA,<br><br>Petitioner,<br><br>vs.<br><br>CAPTAIN BODINE; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 20-94-BLG-SPW-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On June 24, 2020, Petitioner Robert Louis Meza filed this action under 28 U.S.C. § 2254.[1] Meza is a state prisoner proceeding pro se. For the reasons set forth below, Meza's petition should be dismissed.

I.  **Motion for Leave to Proceed in Forma Pauperis**

Meza moves for leave to proceed in forma pauperis. (Doc. 2). Although he has not yet provided the requisite prisoner account statement, there is no reason to delay this matter further. The motion to proceed in forma pauperis will be granted.

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

1

## II. 28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Meza's claims are unexhausted, his petition should be dismissed without prejudice.

## III. Procedural History/Meza's Claims

Apparently, Meza was previously in custody on state criminal charges, but was released on probation, in part, due to health concerns associated with his diagnosis of Hepatitis C. (Doc. 1 at 3, ¶ 13 (A)). Meza advises he is now being held on a probation hold as a result of new charges being filed against him. *Id*. at 4-5.[2] Meza asks this Court to "lift" the probation hold so that he may bond out of custody and fight the new charges. *Id*. at 5, ¶ 13 (B). Meza asserts he has not been afforded a revocation hearing within the time allotted under state law. *Id*. Meza

---

[2] The Yellowstone County Detention Center website confirms that Meza was taken into custody on May 5, 2020. See: https://www.co.yellowstone.mt.gov/sheriff/detention/inmatesearch.asp (accessed July 7, 2020). It appears Meza is in custody on new criminal charges, in addition to a parole violation hold. *Id*.

acknowledges he has not presented this issue to the state district court or the Montana Supreme Court. *Id*. at 4-5.

## IV.   Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet

all three prongs of the test in one proceeding.  "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion."  *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has not yet considered the claims Meza seeks to advance.  While this Court is not commenting on the validity of the pending claims, before Meza can file a federal habeas petition, he must give the state courts one full opportunity to review his constitutional claims.  *O'Sullivan*, 526 U.S. at 845.  But because Meza has not yet exhausted his available state court remedies, this Court cannot review the claim.  *See Rose v. Lundy*, 455 U.S. 509 (1982).  Dismissal should be **without prejudice**, allowing Meza to return to this Court if and when he fully exhausts the claims relative to his current custody.

## V.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Meza has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### ORDER

Meza's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

### RECOMMENDATION

1. Meza's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Meza may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Meza must immediately notify the Court of any change in his mailing address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 16th day of October, 2020.

*/s/ Timothy J. Cavan*
Timothy J. Cavan
United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Meza is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.